UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

STEPHEN MATATIA,

                         Plaintiff,                    **DECISION AND ORDER**

         -against-                             24 Civ. 7569 (AEK)

KAVOURAS CORP., *d/b/a* EASTDALE
AVENUE BAGELS and ALEX MARAVEGIAS,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

      Plaintiff commenced this action on October 6, 2024, asserting claims against Defendants for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on the alleged failure to pay him all wages, including overtime wages and sick leave, and the alleged failure to provide a wage notice and wage statements, as well as claims for retaliatory termination in violation of the NYLL and unjust enrichment. ECF No. 1. Before the Court is the parties' application for approval of a proposed settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 25-1 ("*Cheeks* App.").[2] For the reasons that follow, the Court APPROVES the proposed settlement agreement.

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 22.

[2] The parties originally filed their *Cheeks* application on March 7, 2025. *See* ECF No. 23. After reviewing that application, the Court scheduled a conference, at which it explained to the parties that certain provisions of the proposed settlement agreement needed to be revised. *See* ECF No. 24; Docket Sheet, Minute Entry dated 3/25/2025. The revised *Cheeks* application was then submitted on April 2, 2025.

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335-36). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks,*

2

*Inc.*, Nos. 14-cv-9063, 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the proposed settlement, having presided over the settlement conference in this matter at which the parties reached agreement to resolve the case—a process that involved extensive discussion about the merits of the case with the parties—and having considered the totality of the circumstances, the Court finds that the parties' proposed settlement agreement, ECF No. 25-2 ("Proposed Settlement Agreement"), is fair and reasonable.

All five *Wolinsky* factors weigh in favor of approval.  First, the Proposed Settlement Agreement provides for a total settlement payment of $52,500, with $40,000 payable to Plaintiff and $12,500 payable to Plaintiff's counsel as attorney's fees.  As noted at the outset, the action includes claims for unpaid wages, statutory violations regarding the payment of wages, and claims for retaliation and unjust enrichment.  Of the $40,000 payable to Plaintiff, $26,250 is attributed to Plaintiff's wage-related claims—*i.e.*, all claims other than those for retaliation and unjust enrichment.[3]  *See Cheeks* App. at 2.  This amounts to approximately 83 percent of Plaintiff's total potential recovery for his wage-related claims had he prevailed at trial, and more than 100 percent of his alleged unpaid wages.  These percentages of recovery are fair and reasonable as they far exceed recovery amounts in other FLSA cases in this District where courts commonly have approved settlement terms.  *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20-cv-

---

[3] The *Cheeks* application erroneously refers to potential damages for the alleged failures to provide a wage notice and wage statements as part of Plaintiff's "FLSA claims," *Cheeks* App. at 2, even though these penalties are for statutory violations of the NYLL.  *See* NYLL § 195. The Court considers Plaintiff's alleged unpaid overtime ($10,725), his alleged liquidated damages for his unpaid wages ($10,725), and the potential statutory penalties ($10,000) to be Plaintiff's maximum potential recovery—exclusive of attorney's fees—on all of his wage-related claims, whether under the FLSA or the NYLL.

3

1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where plaintiff's recovery was "approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range.") (collecting cases).

Second, the proposed settlement will enable the parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses. The parties had not yet engaged in substantial discovery or any motion practice, both of which likely would have occurred before proceeding to trial here.

Third, both sides would have faced significant litigation risks if this case had proceeded to trial. Defendants assert that they paid Plaintiff all of his overtime wages and argue that he was properly compensated for all hours worked, and it is certainly possible that Plaintiff could recover nothing at all if he were to proceed to trial. That said, no records exist regarding payment for Plaintiff's overtime hours or his agreed-upon rate of pay, and Defendants' lack of records would have presented an evidentiary challenge at trial. Further, the timing of Plaintiff's termination would have proven difficult for Defendants in responding to the retaliation claim. Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for both sides.

Fourth, the Court presided over the settlement conference and therefore observed firsthand that the proposed settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, the Court has no reason to believe that the proposed settlement is the product of fraud or collusion.

Moreover, none of the factors set forth in *Wolinsky* that weigh against approving a settlement exist in this case.  This is a case involving an individual Plaintiff—the Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only employee affected by the settlement and dismissal of the lawsuit.  Given that the employment relationship between Plaintiff and Defendants has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur.  The Court is not aware of a history of FLSA non-compliance by this employer, and the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

The Proposed Settlement Agreement also does not contain any problematic provisions that would preclude court approval.  There is no improper confidentiality language, and although the Proposed Settlement Agreement does include a mutual non-disparagement provision, that provision incorporates the necessary carve-out for truthful statements by the parties about their experiences litigating this case.  *See* Proposed Settlement Agreement ¶ 7 ("This [Non-Disparagement] Paragraph shall not apply to truthful statements made by any of the Parties regarding their experiences in the Litigation and/or the underlying facts of any claim or defense."); *Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016).  While the Proposed Settlement Agreement contains general releases, they are appropriately mutual in all respects, were negotiated by competent counsel for both sides, and involve a former employee who has no ongoing relationship with the employer.  *See* Proposed Settlement Agreement ¶ 4; *Khan v. Young Adult Institute, Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016); *Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015).

With respect to attorney's fees,[4] the Proposed Settlement Agreement provides for Plaintiff's counsel to receive $12,500 in fees, approximately 24 percent of the total settlement amount. "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Santos*, 2021 WL 431451, at *2 (cleaned up). "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this [C]ircuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* (quotation marks omitted). Appropriately, Plaintiff's counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application. *See Fisher*, 948 F.3d at 600 ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.").

Applying the lodestar method, Plaintiff's counsel, Rebecca Valk, Esq., an attorney with 20 years of litigation experience, including "4 years[] working under the guidance of an attorney experienced in handling FLSA claims," spent a total of 38.3 hours on this case at an hourly rate of $375. *Cheeks* App. at 4; ECF No. 25-3 (billing records). The Court finds that the number of hours spent on this matter and this hourly rate are both reasonable. The proposed attorney's fee represents approximately 87 percent of the lodestar amount, which is fair and reasonable given the facts and circumstances of this case. *See Gervacio v. ARJ Laundry Servs. Inc.,* No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

---

[4] Plaintiff's counsel is not seeking to recover any costs; rather, the *Cheeks* application notes that "[f]iling fees for the summons and complaint in the amount of $405.00 have already been paid by the Plaintiff." *Cheeks* App. at 4.

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and the Proposed Settlement Agreement as filed at ECF No. 25-2 is hereby APPROVED.

Plaintiff's counsel is to receive $12,500 in attorney's fees, and Plaintiff is to receive the balance of the settlement amount, or $40,000.

Because the Court has now approved the Proposed Settlement Agreement, it is hereby ordered that this action is dismissed without prejudice to restoring the action to the Court's calendar, provided the application is made within 30 days of this Decision and Order. Any application to reopen that is filed after 30 days from the date of this Decision and Order may be denied solely on that basis.

The Clerk of Court is respectfully directed to close the case.

Dated: April 8, 2025
       White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge